UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| State of South Carolina, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Altony Brooks, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.5:21-3155-BHH<br><br>**OPINION AND ORDER** |

The State of South Carolina brought criminal proceedings against Defendant Altony Brooks ("Defendant") in the Orangeburg County Court of General Sessions, which Defendant purported to remove to this Court on September 27, 2021. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2) for the District of South Carolina, this matter was referred to United States Magistrate Judge Molly H. Cherry for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Cherry on October 25, 2021. (ECF No. 7.) In her Report, the Magistrate Judge recommends that the purportedly removed criminal action(s) be remanded to the Orangeburg County Court of General Sessions. (*Id.* at 7.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

Magistrate Judge Cherry issued the Report on October 25, 2021. (ECF No. 7.) Defendant filed timely objections on November 23, 2021. (ECF No. 9.) The matter is ripe

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file specific objections, the Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and quotation marks omitted).

## DISCUSSION

In her Report, Magistrate Judge Cherry noted that state court criminal actions may only be removed to federal court in limited circumstances, and that Defendant did not state a basis for removal in his notice of removal. (ECF No. 7 at 2–3.) The Magistrate Judge concluded: (1) Defendant has not alleged that he is a federal officer or that he was assisting a federal official in the performance of his duties, so removal under 28 U.S.C. § 1442 does not apply; (2) Defendant has not alleged that he is in the military, so removal under § 1442a does not apply; (3) Defendant has not alleged facts to support removal

pursuant to § 1443 because he is not a state officer, as required under § 1443(2), and he has not shown, under § 1443(1), that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality; (4) Defendant may not assert a civil counterclaim or defense such as a constitutional claim brought pursuant to 42 U.S.C. § 1983 as part of a removed criminal case, but must file such a claim as an independent civil action; (5) to the extent Defendant may be attempting to remove his criminal case(s) pursuant to 28 U.S.C. § 1441 based on federal question or diversity jurisdiction, he cannot do so because § 1441 only applies to the removal of civil cases; and (6) because Defendant fails to establish that this Court has jurisdiction over these matters, the removed criminal case(s) should be remanded. (ECF No. 7 at 3–6.)

In his objections, Defendant makes various assertions about the nature and validity of the underlying criminal charges, *e.g.*:

> Defendant submits that the warrants for resisting arrest, open container, [driving under suspension], use of a liscense [sic] plate for other vehicle, operating uninsured, all are alleged to happen in Orangeburg County City of Holly Hill, so thus OFC Yacabbozi Berkeley County Sheriffs OFC arrest of Defendant was unconstitutional as there was no warrants signed and countersigend [sic] by a magistrate Judge of Berkeley County for Holly Hill Police to give OFC Yacobbozi probable cause to arrest. Defendant was arrested Because OFC Yacobbozi and Berkeley County Sherriffs OFC retaliated on Defendant for winning civil trial case and arrested Defendant to thwart his Appeal in the US Court of Appeals case 21-7115.

(ECF No. 14 at 1 (errors in original).) He also references other civil actions he has filed in federal court that concern his pending state court criminal proceedings. (*Id.* at 1–2.) Defendant objects to aspects of the Report that are irrelevant to whether this Court possesses jurisdiction, *e.g.*:

> Defendant objects to ECF No. [7] Footnote 1 lines 4 and Footnot [sic] 2 lines 5–6 and submit that he filed a Notice of Removal and that the Notice of Removal seeked to remove All cases due to the fact that all the cases of

3

> resisting arrest, open container, driving under suspension, use of a liscense [sic] plate for other vehicle, operating uninsured all arouse out of the same allege incadent [sic] and the threatening to inflict harm arouse from illegal detention of Defendant and thus constitutes one action, not requiring individual notice of removals to be filed.

(*Id.* at 2 (errors in original).) Even liberally construed, the objections are rambling and incoherent. (*See id.* at 2–6.)

Defendant specifically objects to the Magistrate Judge's conclusion that he has not alleged facts to support removal pursuant to 28 U.S.C. § 1443(1). (*See id.* at 5.) Here, Defendant cross-references an additional filing he submitted along with his objections, in which he purports to amend and supplement his notice of removal. (*See* ECF No. 15.) In that filing, Defendant asserts:

> Defendant was denied the presumption of innocence as provided by the 14th Amendment of the US Const when he was denied bond on bondable non capital offenses. Defendant was denied the full and equal enjoyment of the right to bail on the ground of his race as being a moorish American of moorish descent. he was sent to prison due to his moorish origin and is currently kidnapped due to his race. Defendant exercised his right to speach [sic] as provided by the 1st Amendment of the US Const and was told by Chasity Avinger that he can not speak and then held in contempt due to his moorish beliefs and denied bail.

(*Id.* at 1 (errors in original).) Such conclusory statements do not suffice to ground removal jurisdiction in this Court pursuant to § 1443(1) and the objection is overruled. Suffice it to say, Defendant's objections, though verbose, fail to demonstrate any error in Magistrate Judge Cherry's analysis or conclusions.

After *de novo* review of the Report, the record, and the applicable law, the Court overrules Defendant's objections and remands Defendant's state court criminal case(s) to the Orangeburg County Court of General Sessions. Magistrate Judge Cherry was correct to conclude that the Court lacks jurisdiction over this matter and nothing in

Defendant's objections (ECF No. 14) or other filings (*see* ECF Nos. 15, 16) demonstrates otherwise.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 7) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Defendant's objections (ECF No. 14). The state court criminal case(s) purportedly removed herein are is hereby remanded to the Orangeburg County Court of General Sessions.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 12, 2022
Charleston, South Carolina